DECISION
This is an appeal from a November 9, 1994 decision of the Rhode Island Department of Business Regulation (Department). Jurisdiction in this Superior Court is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
I. Case and Travel
On February 3, 1994 David S. Gorelick (Gorelick) filed a complaint with the Department alleging that broker Caroline Bailey (Bailey) and salesperson Christopher Crawford (Crawford), employees at the Newport office of J.W. Riker Real Estate, were guilty of misrepresentation in selling him a home at 20 Bark Avenue in Jamestown. The appellants listed the property as a two-bedroom house in accordance with its prior classification. When Gorelick purchased the house, he intended to conduct some renovations to the house. These renovations would not add or modify an existing bedroom or room that could be classified as a bedroom. The proposed renovations to the house involved building a foyer that would connect the upstairs with the finished downstairs without having to go outside.
Upon applying for a building permit, Gorelick discovered that DEM classified the house as a three-bedroom house with a two-bedroom septic system. In order to accomplish the proposed renovations, DEM required that Gorelick expand the current capabilities of his septic system to meet the existing three-bedroom classification. Gorelick claims that if Bailey and Crawford had properly represented the property he never would have bought it.
Thereafter, after due notice to Bailey and Crawford, the Department convened a hearing on July 12, 1994, to determine whether Bailey and Crawford had acted in accordance with the applicable statutes and the Rules and Regulations governing the practice of real estate brokers and salespersons. The Department rendered a decision on November 9, 1994, imposing a five business day suspension of the appellants' licenses for incompetency. In response, the appellants filed the instant appeal.
II. Standard of Review
The review of a decision of the Board by this Court is controlled by G.L. 1956 (1993 Reenactment) § 42-35-15 that provides for review of contested agency decisions:
 ". . .
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure
 (4) Affected by error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing Court from substituting its judgment for that of an agency regarding the credibility of witnesses or the weight of evidence concerning questions of fact. Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Board's decision.Newport Shipyard v. Rhode Island Commission for Human Rights,484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion, i.e., more than a scintilla of competent evidence. Id. at 897. This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view evidence differently than did the Agency. The Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardov. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflict ofInterest Commission, 509 A.2d 453, 458 (R.I. 1986).
III. Decision
The Department suspended appellants' licenses for incompetency involved with the sale of said property. Under G.L. 1956 (1995 Reenactment) § 5-20.5-14, the Department may suspend a license for:
 ". . .
 (15) Violating any rule or regulation promulgated by the commission in the interest of the public and consistent with the provisions of this chapter;
 (16) In the case of a broker licensee, failing to exercise adequate supervision over the activities of his or her licensed salesperson within the scope of this chapter if the broker has knowledge of any misdeeds of his or her sales staff; . . .
 (20) Any conduct in a real estate transaction which demonstrates bad faith, dishonesty, untrustworthiness or incompetency; . . ." (Emphasis added.)
The Department considered the appellants' incompetency in relation to their general knowledge of how DEM regulations applied to the property in question. The Department has published "Rules and Regulations Relating to the Conduct of Licensed Real Estate Brokers and Salespeople" (DBR Regulations). Under § 20(b) of the DBR Regulations, entitled "General Obligations of Licensees":
 (b) Every licensed individual, partnership, firm or corporation shall make diligent effort to ascertain all pertinent information and facts . . . concerning every property for which he accepts an agency, and concerning every person for whom he submits an offer to his client or principal. The licensee shall reveal, preferably in writing, all information and facts material to any transaction to his client or principal and when appropriate to any other party.
Additionally, pursuant to § 5-20.5-4 and § 5-20.5-6, the Department has the authority to reprimand a broker or sales person for incompetency relating to his or her general knowledge of how DEM regulations apply to any listing acquired.
Specifically, the Department found that appellants "should have been able to tell Gorelick that any major renovations that he contemplated would probably require a DEM permit process and that 20 Bark Avenue would be examined under the difficult and unorthodox DEM Regulation." Department's Decision at 15. At issue is whether appellants should have been aware of DEM's retroactive application of the DEM Regulation concerning the classification of bedrooms as applied to their listing of the property as a two-bedroom house.
The DEM Regulation in question defines a bedroom as:
 "a room greater than 100 square feet in area which may be used as a private sleeping area and which has at least one window and one interior doorway. Many rooms intended to be used as study rooms or offices meet this definition. Generally, RIDEM will consider such a room to be a bedroom if it is likely to be used as one by the present or future owner. RIDEM is most concerned with older, small homes of one or two bedroom [sic] being renovated into two or three bedroom homes. Renovations involving the conversion of seasonally-used homes to year-round use are also a concern. Often the method of sewage disposal for these homes is very substandard. . . . Certain projects or circumstances may warrant that an ISDS meet `new construction' standards. Usually, this results from proposing to add more than one bedroom to the structure. If the property cannot support a system of the size and design required by current standards, you may be prohibited from expanding your dwelling to that extent."
The Department asserts that the proposed renovations created the three-bedroom classification. The Department stated in its decision that appellants were unaware that "Gorelick's proposed substantial work on rooms in the structure, requiring a DEM permit, could create an unwanted three bedroom classification, even if the third room was not to be used for that purpose." Department's Decision at 15. (Emphasis added.) Also, the Department found that "if [Gorelick] renovated or created rooms
greater than 100 square feet in area, he would be susceptible to a perplexing and difficult definition that may not survive DEM challenge." Department's Decision at 16. (Emphasis added.)
Under the DEM Regulation, the house, at the time of purchase, was a three-bedroom house with a septic system designed for a two-bedroom house. See Petitioner's Exhibit 8, DEM ResidentialSystem Suitability Determination Form. The alleged negligent misrepresentation by appellants concerned the listing of the house as a two-bedroom house rather than the appropriate three-bedroom classification. However, the proposed renovations to the existing structure did not add a third bedroom nor create the three-bedroom classification.
In its decision, the Department acknowledged that Fred Brown was "the most knowledgeable person at the hearing on DEM Regulation." Department's Decision at 17. Fred Brown testified that Gorelick's case was precedential and "the first time he had ever heard of a subsequent owner being told a formerly classified two bedroom house was no longer a two bedroom house." Department's Decision at 17. The Department also stated that "even if the [appellants'] had a general knowledge and reasonable familiarity of the DEM Regulation and its basic elements, it is dubious that they would have foreseen its application to 20 Bark Avenue." Department's Decision at 17. A real estate broker or salesperson cannot be held responsible for the retroactive applicability of a DEM Regulation when the Department itself found that such application was unpredictable.
Although the Department stated that the above rationale "does not absolve appellants' from the responsibility of having general knowledge and reasonable familiarity with the basic elements of the DEM Regulation[,]" (Department's Decision at 17) this Court finds that a broker or salesperson cannot be held accountable for the ramification of a regulation when the Board found that they were not required to foresee its application to the facts of the instant transaction. There is no provision sighted by the Department granting it authority to conduct isolated inquiries into a broker's or salesperson's specific knowledge of a DEM statute, the application of which to the property in question was unforeseeable.
For the reasons set forth above, this Court finds that the Department's decision is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record and that substantial rights of the appellants have been thereby prejudiced. The decision of the Department is therefore reversed.
Counsel shall prepare an appropriate judgment for entry.